**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LITHIUM TECHNOLOGIES, INC.,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**DALLAS THOMPSON,**<br><br>    **Defendant.** | Case No.: 13-CV-3244 YGR<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |

On July 16, 2013, Plaintiff filed an Application for an Order to Show Cause Regarding Preliminary Injunction and Temporary Restraining Order Pending Binding Arbitration against Defendant, a natural person and resident of the state of Texas. Dkt. No. 4. The Court hereby **DENIES** Plaintiff's Motion. The Court must exercise personal jurisdiction over Defendant to enjoin him, and Plaintiff bears the burden of establishing that the Court has personal jurisdiction over Defendant. As set forth below, it has not met that burden.

The Federal Rules of Civil Procedure authorize plaintiffs in a federal civil action to effect service of a summons on an individual through any means authorized by the state in which the district court sits. *See* Fed. R. Civ. P. 4(e)(1). Accordingly, this Court is satisfied by service of a summons in a manner prescribed by California law. On August 8, 2013, Plaintiff filed a Certificate of Service which represented that the summons and other papers had been served on a receptionist at the law firm where, according to Plaintiff, Defendant's attorney works. *See* Dkt. No. 11. The Certificate indicates that service of the summons was effected pursuant to California Code of Civil Procedure section 1011(a). *Id.* However, under California law, service of summonses is governed by California Code of Civil Procedure sections 415.10 *et seq.* The code section cited by Plaintiff

authorizes service on a defendant's attorney of *notices*, as distinct from summonses, and then only after the defendant has appeared and personal jurisdiction has attached.  *See* 50A Cal. Jur. 3d §§ 77 (service of *notice* distinct from service of *summons*, only latter of which confers jurisdiction), 88 (permitting only *notice* to be served on attorney); *see also Smith v. Smith*, 120 Cal. App. 2d 474, 483 (Cal. Ct. App. 1953) (parties in a continuous proceeding may be served with notice through their attorneys "once personal jurisdiction has properly attached").  Nothing in the record before the Court suggests that Defendant has been served with a summons in a manner consistent with either California or federal law.  Accordingly, the Court determines that it does not yet exercise personal jurisdiction over Defendant.

Plaintiff's Motion is **DENIED WITHOUT PREJUDICE.**

This Order terminates Docket No. 4.

**IT IS SO ORDERED**.

Dated: August 12, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**